UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN SPRINGS,<br>    Plaintiff,<br><br>v.<br><br>DURTCH, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)     Case No. 24-4200<br>)<br>)<br>) |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill").

**I.    Screening Standard**

The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

## II. Facts

Plaintiff files suit against the Illinois Department of Corrections ("IDOC"), Rob Jeffries (former IDOC Director), Latoya Hughes (IDOC Director), Jane Doe (Warden at Hill), Jon Doe 1 (Orange Crush Task Force Member), Jon Doe 2 (Orange Crush Task Force Member and/or Supervisor), Jon Doe 3 (Orange Crush Task Force Member), Jon Doe 4 (Legal Mail Officer), Jon Doe 5 (Personal Property Officer), Robert Helton (Dean), Richard Fields (Teacher), Jason Lippens (Counselor), Ledbetter (Correctional Officer), and the State of Illinois.

Plaintiff alleges he was injured during an arrest on June 17, 2020, and filed suit in the Northern District of Illinois – *Springs v. Hawkins*, Case No. 20-4626 – to recover damages for his injuries. On an unknown date, Plaintiff was transferred to Hill. While at Hill, Plaintiff received privileged legal mail regarding his ongoing lawsuit. Plaintiff claims that inmates and/or employees at Hill were trafficking drugs into the facility in the mail. As a result, staff members allegedly searched incoming mail and confiscated, withheld, or damaged Plaintiff's legal mail in violation of his First Amendment rights. Plaintiff asserts that Defendants Jeffries, Jane Doe, Hughes, the IDOC, and State of Illinois knew or should have known about the alleged drug problem.

In September 2022, Defendant Jane Doe allegedly authorized the Orange Crush Task Force to search inmates' cells and seize their property. Plaintiff alleges Defendants Jon Doe 1 and 2, who were members of the Orange Crush, improperly confiscated legal materials and property from his cell. Plaintiff claims that the "confiscation of legal materials caused or contributed to his failure in summary judgment." (Doc. 18 at p. 11).

Next, Plaintiff alleges that from July 2022 through April 2024, Defendants Helton and Fields retaliated against him for writing grievances by preventing him from enrolling in school classes. As a result, Plaintiff claims he was unable to earn good time credit to reduce his sentence. Between July 2022 and April 2024, Plaintiff asked Defendant Ledbetter, the Assignment Officer, for a job, but Ledbetter allegedly told Plaintiff to stop writing grievances. Plaintiff claims he informed Defendant Lippens about the denial of educational and employment opportunities at Hill. Lippens allegedly told Plaintiff to stop writing grievances.

## III.    Analysis

Plaintiff's Second Amended Complaint includes unrelated claims. First, Plaintiff claims that Defendants Jeffries, Hughes, Jane Doe, the State of Illinois, and the IDOC are responsible for the confiscation and/or damage of his legal mail at Hill. Second, Plaintiff asserts that members of the Orange Crush Task Force searched his cell, confiscated his legal materials, and damaged his property after Defendant Jane Doe authorized Orange Crush to search inmates' cells. Third, Plaintiff alleges that Defendants Jane Doe, Helton, Fields, Ledbetter, and Lippens retaliated against him for filing grievances by denying him educational and employment opportunities.

Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite

3

omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits…."). Plaintiff's Second Amended Complaint is dismissed without prejudice as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff is given a FINAL opportunity to file a Third Amended Complaint within 30 days. Plaintiff is advised that he must either clarify how his claims arise from the same series of transactions or occurrences, or he must limit his Third Amended Complaint to one group of injuries and Defendants.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff is given a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Third Amended Complaint, or if the Third Amended Complaint fails to state a claim, this matter will be dismissed with prejudice. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. Piecemeal amendments are not accepted.**

ENTERED:    4/14/2025

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE