UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN SPRINGS,<br>    Plaintiff,<br><br>v.<br><br>DURTCH, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)    Case No. 24-4200<br>)<br>)<br>)<br>) |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, files a Third Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Hill Correctional Center ("Hill"). (Doc. 23).

## I.   Screening Standard

The Court must "screen" Plaintiff's Third Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Third Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.     Facts

Plaintiff files suit against Rob Jeffries (former IDOC Director), Latoya Hughes (IDOC Director), Tyrone Baker (former Warden at Hill), Jane Doe/Durtch (Warden at Hill), Jon Doe 1 (Orange Crush Task Force member), Jon Doe 2 (Orange Crush Task Force member and/or supervisor), Jane Doe 2 (Legal Mail Officer at Hill), Jon Doe 3 (Legal Mail Officer at Hill), Jon Doe 4 (Orange Crush Task Force member), the Illinois Department of Corrections ("IDOC"), and the State of Illinois.

Plaintiff alleges he was assaulted during his arrest on June 17, 2020. He filed suit in the Northern District of Illinois – *Springs v. Hawkins*, Case No. 20-4626 – to recover damages for his alleged injuries. Plaintiff was transferred to Hill in approximately June 2022. Prior to his arrival, Plaintiff alleges that "a spread of drugs were and have been entering the Illinois Department of Corrections." (Doc. 23 at p. 6). Plaintiff alleges that Defendants Jeffries, Hughes, Durtch, Baker, the IDOC, and the State of Illinois knew detainees and correctional officers were smuggling drugs into the facility and that drugs were entering the facility through the mail. Plaintiff claims the prison administration failed to effectively eradicate the drug problem while preserving his right of access to the courts. As a result, Plaintiff claims he suffered mental, emotional, and financial damages.

In September 2022, Plaintiff alleges Defendant Durtch authorized the Orange Crush Task Force to strip search inmates and search their cells. Plaintiff alleges that female Orange Crush Task Force members were present while he was strip searched, which made him feel violated. Plaintiff and the other inmates from his housing unit were escorted to the dietary while officers searched their cells. Plaintiff alleges he was forced

2

to sit in the dietary for several hours with his hands cuffed behind his back while Defendants Jon Doe 1 and Jon Doe 2 searched his cell. Plaintiff alleges he lost feeling in his hands and was not allowed to use the restroom.

Upon returning to his cell, Plaintiff found his legal materials related to *Springs v. Hawkins* in the toilet and lying wet on the floor with muddy footprints on them. Plaintiff alleges Defendants Jon Doe 1 and Jon 2 confiscated police reports and other discovery documents and destroyed correspondence from his witnesses. As a result, Plaintiff claims he was unable to successfully litigate his claim against one of the parties who was dismissed with prejudice. Plaintiff asserts that Defendant Durtch, who was present in the housing unit, failed to ensure his property and legal materials were handled with care.

Between July 2022 and April 2024, Plaintiff alleges that Defendants Jane Doe 2 and Jon Doe 4 intentionally withheld and examined his legal mail in violation of IDOC policy. Plaintiff also claims Defendants confiscated DVDs and CDs related to *Springs v. Hawkins* and maliciously used regulations or guidelines to reject or deny his privileged legal materials. Plaintiff claims he was forced to send out DVDs, CDs, and other materials at his own expense, which impacted his ability to effectively litigate his claims.

Next, Plaintiff alleges that Defendants Hughes and Baker authorized the Orange Crush Task Force to search inmates' property in August 2023. After Defendant Jon Doe 4 strip searched Plaintiff, he was handcuffed and escorted to the dietary where he remained for several hours while his cell was searched. Plaintiff claims that his legal materials were confiscated, which affected his ability to effectively litigate his claims. Plaintiff also alleges he was forced to send home or destroy legal books and materials.

**III.    Analysis**

Plaintiff has once again combined multiple claims against multiple parties in the same complaint. First, Plaintiff claims that Defendants Jeffries, Hughes, Durtch, Baker, the IDOC, and the State of Illinois violated his constitutional rights by failing to eradicate the influx of drugs into Hill. Second, he claims that Defendants Durtch, Jon Doe 1, and Jon Doe 2 violated his rights by damaging or confiscating his legal materials during a cell search in September 2022. During the search, Plaintiff alleges female officers were present while he was strip searched, he was held in the dietary with his hands cuffed behind his back for hours, and he was not allowed to use the restroom. Third, Plaintiff claims that mailroom employees, Defendants Jane Doe 2 and Jon Doe 4, withheld and/or examined his legal mail between July 2022 and April 2024 and forced him to mail legal materials at his own expense. Finally, Plaintiff claims that Defendants Hughes, Baker, and Jon Doe 4 violated his rights when legal materials were damaged or confiscated during another cell search in August 2023.

While Plaintiff alleges that various incidents between 2022 and 2024 allegedly affected his ability to successfully litigate his claims in *Springs v. Hawkins*, these claims are not probably joined in the same lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680,

4

683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Even if Plaintiff's claims were properly joined in the same lawsuit, his allegations are insufficient to proceed on a First Amendment claim. To state a claim for denial of access to the courts, "Plaintiff must allege he suffered an actual injury due to his inability to pursue a non-frivolous claim and identify that specific legal claim involved." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020); *see Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *see also Lostutter v. Dimas*, No. 16-4281, 2017 WL 3484646, at *1 (C.D. Ill. Aug. 14, 2017) (Rushville resident did not allege the lack of legal assistance prejudiced an otherwise meritorious claim); *Schloss v. Ashby*, No. 11-CV-3337, 2011 WL 4804868, at *3 (C.D. Ill. Oct. 11, 2011) ("Denial of copies of unidentified legal pleadings does not, by itself, state an access claim."). Plaintiff did not allege sufficient details about his claims in *Springs v. Hawkins* to proceed on a First Amendment claim.

Regarding his allegations about being held in the dietary for hours without access to a restroom, Plaintiff does not allege that he told Defendants Durtch, Jon Doe 1, and Jon Doe 2 that he needed to use the restroom or asked for the handcuffs to be removed. There

is also no interference that they were present at this time, as Plaintiff alleges they conducted cell searches while he and other inmates waited in the dietary.

Plaintiff has had multiple opportunities to amend his pleadings. This Court dismissed Plaintiff's Amended Complaint without prejudice as a violation of Federal Rules of Civil Procedure 18 and 20 and gave Plaintiff leave to file a Second Amended Complaint. (Doc. 16). Plaintiff's Second Amended Complaint was also dismissed without prejudice as a violation of Rules 18 and 20. (Doc. 20). The Court gave Plaintiff a final opportunity to file a Third Amended Complaint and warned Plaintiff that the failure to state a claim would result in the dismissal of this case with prejudice. *Id.* at pp. 3-4. The Court instructed Plaintiff multiple times not to include unrelated claims against different Defendants in the same lawsuit. (Docs. 16 and 20). The Court finds that any further amendment would be futile. Therefore, Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Rules 18 and 20.

**IT IS THEREFORE ORDERED:**

     **1.**    **Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Any further amendment would be futile because Plaintiff has had multiple opportunities to allege a cognizable claim and has failed to do so. The Clerk is directed to enter judgment and close this case.**

     **2.**    **Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as directed in the Court's prior order. (d/e 11/7/2024).**

     **3.**    **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.**

*See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:    7/29/2025

                                                     s/ *Colleen R. Lawless*

                                              COLLEEN R. LAWLESS
                                      UNITED STATES DISTRICT JUDGE